**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CINSAY, INC., | |
| Plaintiff, | Case No. 3:13-cv-3628-K |
| v. | |
| JOYUS, INC. and BRIGHTCOVE, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANT BRIGHTCOVE, INC.'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

In response to Cinsay, Inc.'s ("Cinsay") First Amended Complaint for Patent Infringement, DE 6 ("Complaint"), Defendant Brightcove, Inc. ("Brightcove"), through its attorneys, responds as follows:

**GENERAL DENIAL**

Except as expressly admitted herein, Brightcove denies each and every allegation in the Complaint. Brightcove specifically denies any infringement or wrongdoing.

**I. PARTIES**

1.      Paragraph 1 contains no allegation against Brightcove. To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 1 and on that basis denies those allegations.

2.      Paragraph 2 contains no allegation against Brightcove. To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 1 and on that basis denies those allegations.

3.      Admitted.

## II. JURISDICTION AND VENUE

4.      Paragraph 4 contains conclusions of law to which no response is required.  To the extent an answer is required, Brightcove admits that the Complaint purports that this action arises under the patent laws of the United States, Title 35 of the United States Code.  Brightcove denies that the Complaint states a valid claim or any valid allegations of infringement.  Brightcove admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) if all prerequisite legal requirements are met.  Brightcove denies any remaining allegations in Paragraph 4.

5.      Whether venue is proper in this District is a legal conclusion to which no response is required.  Brightcove admits that it has transacted business in this District.  Brightcove denies that it has committed and/or induced acts of patent infringement in this District.  Brightcove denies any remaining allegations in Paragraph 5.  Brightcove expressly reserves its right to transfer venue pursuant to 28 U.S.C. § 1404.

6.      Whether this Court has personal jurisdiction over Brightcove is a legal conclusion to which no response is required.  Brightcove denies the remaining allegations in Paragraph 6.

7.      To the extent the allegations of Paragraph 7 are directed at Brightcove, the allegations of Paragraph 7 are denied.  To the extent the allegations of Paragraph 7 are directed at Joyus, Inc. ("Joyus"), no response is required from Brightcove.

8.      Brightcove is without knowledge or information sufficient to form a belief regarding Cinsay's principal place of business and on that basis denies those allegations.  Brightcove denies that its acts cause injury to Cinsay within this District.

### III. FACTUAL BACKGROUND

9.      To the extent Plaintiff purports to characterize U.S. Patent No. 8,312,486 ("'486 patent"), Brightcove states that the document speaks for itself.  Brightcove admits that Cinsay purports to have attached the '486 patent as Exhibit A to the Complaint.  Brightcove is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 9 and on that basis denies those allegations.

10.      To the extent Plaintiff purports to characterize U.S. Patent No. 8,533,753 ("'753 patent"), Brightcove states that the document speaks for itself.  Brightcove admits that Cinsay purports to have attached the '753 patent as Exhibit B to the Complaint.  Brightcove is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 10 and on that basis denies those allegations.

11.      To the extent Plaintiff purports to characterize U.S. Patent No. 8,549,555 ("'555 patent"), Brightcove states that the document speaks for itself.  Brightcove admits that Cinsay purports to have attached the '555 patent as Exhibit C to the Complaint.  Brightcove is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 11 and on that basis denies those allegations.

12.      Denied.

13.      Brightcove is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 13 and on that basis denies those allegations.

14.      To the extent Paragraph 14 alleges that the allegations in the Complaint appear to be directed to the relationship between Brightcove and Joyus, Brightcove admits the allegations of Paragraph 14.  Brightcove denies any remaining allegations in Paragraph 14.

## IV. COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 8,312,486

15.     Brightcove incorporates by reference its answers to paragraphs 1-14 as if fully stated herein.

16.     Paragraph 16 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 16 and on that basis denies those allegations.

17.     Brightcove denies the Paragraph 17 allegations directed at Brightcove. Brightcove specifically denies that it has infringed the '486 patent in any way.  Brightcove is not required to respond to the Paragraph 17 allegations directed at Joyus.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 17 and on that basis denies those allegations.

18.     Denied.

19.     Paragraph 19 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 19 and on that basis denies those allegations.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Brightcove admits that it received the original complaint on September 10, 2013. Brightcove denies the remaining allegations of Paragraph 23.

24.     Denied.

25.     Denied.

- 5 -

## V. COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 8,533,753

26.     Brightcove incorporates by reference its answers to paragraphs 1-25 as if fully stated herein.

27.     Paragraph 27 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 27 and on that basis denies those allegations.

28.     Paragraph 28 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 28 and on that basis denies those allegations.

29.     Denied.

30.     Paragraph 30 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 30 and on that basis denies those allegations.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Brightcove admits that it received the original complaint on September 10, 2013. Brightcove denies the remaining allegations of Paragraph 34.

35.     Denied.

36.     Denied.

## VI. COUNT THREE: INFRINGEMENT OF U.S. PATENT NO. 8,549,555

37.     Brightcove incorporates by reference its answers to paragraphs 1-36 as if fully stated herein.

38.     Paragraph 38 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 38 and on that basis denies those allegations.

39.     Paragraph 39 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 39 and on that basis denies those allegations.

40.     Denied.

41.     Paragraph 41 contains no allegation against Brightcove.  To the extent a response is required, Brightcove is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 41 and on that basis denies those allegations.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Brightcove admits that it received the Complaint on or about October 1, 2013. Brightcove denies the remaining allegations of Paragraph 45.

46.     Denied.

47.     Denied.

## VII. DEMAND FOR JURY TRIAL

48.     Paragraph 48 contains no allegation against Brightcove.

## VIII. PRAYER FOR RELIEF

Brightcove denies that Cinsay is entitled to any relief.

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

(e) Denied.

(f) Denied.

(g) Denied.

(h) Denied.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Brightcove asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from Cinsay. Brightcove's investigation of its defenses is continuing, and Brightcove reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation.

## FIRST AFFIRMATIVE DEFENSE
### (No literal infringement)

1.      Brightcove has not literally infringed and does not literally infringe—directly, indirectly, contributorily, or by inducement—any valid and enforceable claim of the '486, '753, or '555 patents.

## SECOND AFFIRMATIVE DEFENSE

### (No infringement under the doctrine of equivalents)

2.      Under the doctrine of equivalents, Brightcove has not infringed and does not infringe—directly, indirectly, contributorily, or by inducement—any valid and enforceable claim of the '486, '753, or '555 patents.

## THIRD AFFIRMATIVE DEFENSE

### (Patent invalidity under 35 U.S.C. §§ 101, 102, and/or 103)

3.      The '486, '753, and '555 patents are invalid at least because they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and/or 103.

## FOURTH AFFIRMATIVE DEFENSE

### (Patent invalidity under 35 U.S.C. § 112)

4.      The '486, '753, and '555 patents are invalid at least because they fail to meet the conditions for patentability set forth in 35 U.S.C. § 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation on damages)

5.      Plaintiff's claims for damages are limited by 35 U.S.C. §§ 286 and/or 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to state a claim upon which relief can be granted)

6.      The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

### (No entitlement to injunctive relief)

7.      Plaintiff is not entitled to injunctive relief because any alleged injury may be addressed adequately by a remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Damages limited by the single-recovery rule)

8.      Plaintiff's alleged damages are limited by the single-recovery rule.

## COUNTERCLAIMS

Without waiving any of the prior objections and subject to the responses above, Defendant and Counterclaim Plaintiff Brightcove alleges the following counterclaims against Cinsay:

## NATURE AND BASIS OF THE ACTION

1.      This Court has jurisdiction to declare the rights and interests of the parties related to these counterclaims for declaratory judgment of noninfringement and invalidity under 28 U.S.C. §§ 2201-2202 and 1338(a).

## JURISDICTION AND PARTIES

2.      This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

3.      Brightcove is a corporation organized and existing under the laws of Delaware. Brightcove's principal place of business is at 290 Congress Street, Boston, MA 02210.

4.      On information and belief, Cinsay is a Nevada corporation with its principal place of business in Dallas, Texas.

5.      Cinsay is subject to personal jurisdiction in this District because, on information and belief, its principal place of business is in this District and because it has purposefully availed itself of the benefits and protections of this District by filing its Complaint in this Court.

6.      Venue is proper in this judicial District under 28 U.S.C. §§ 1391 and 1400(b).

7.      Cinsay's charges of infringement in its Complaint have created a justiciable controversy between Cinsay and Brightcove over the noninfringement and invalidity of the '486, '753, and '555 patents.  Cinsay contends the '486, '753, and '555 patents are valid and that Brightcove has infringed these patents.  Brightcove contends the '486, '753, and '555 patents are invalid and that Brightcove has not infringed these patents.

## FIRST COUNTERCLAIM

### (Declaratory judgment of noninfringement of the '486 patent)

8.      Brightcove incorporates by reference Paragraphs 1-7 of its counterclaims as if set forth fully herein.

9.      Brightcove does not infringe, induce infringement of, or contribute to infringement of the '486 patent.

10.     Accordingly, Brightcove is entitled to a declaratory judgment that it does not infringe the '486 patent.

## SECOND COUNTERCLAIM

### (Declaratory judgment of invalidity of the '486 patent)

11.     Brightcove incorporates by reference Paragraphs 1-10 of its counterclaims as if set forth fully herein.

12.     The claims of the '486 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

13.     Accordingly, Brightcove is entitled to a declaratory judgment that the '486 patent is invalid.

## THIRD COUNTERCLAIM

### (Declaratory judgment of noninfringement of the '753 patent)

14.     Brightcove incorporates by reference Paragraphs 1-13 of its counterclaims as if set forth fully herein.

15.     Brightcove does not infringe, induce infringement of, or contribute to infringement of the '753 patent.

16.     Accordingly, Brightcove is entitled to a declaratory judgment that it does not infringe the '753 patent.

## FOURTH COUNTERCLAIM

### (Declaratory judgment of invalidity of the '753 patent)

17.     Brightcove incorporates by reference Paragraphs 1-16 of its counterclaims as if set forth fully herein.

18.     The claims of the '753 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

19.     Accordingly, Brightcove is entitled to a declaratory judgment that the '753 patent is invalid.

**FIFTH COUNTERCLAIM**

**(Declaratory judgment of noninfringement of the '555 patent)**

20.     Brightcove incorporates by reference Paragraphs 1-19 of its counterclaims as if set forth fully herein.

21.     Brightcove does not infringe, induce infringement of, or contribute to infringement of the '555 patent.

22.     Accordingly, Brightcove is entitled to a declaratory judgment that it does not infringe the '555 patent.

**SIXTH COUNTERCLAIM**

**(Declaratory judgment of invalidity of the '555 patent)**

23.     Brightcove incorporates by reference Paragraphs 1-22 of its counterclaims as if set forth fully herein.

24.     The claims of the '555 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     Accordingly, Brightcove is entitled to a declaratory judgment that the '555 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Brightcove respectfully requests entry of judgment in its favor and against Cinsay as follows:

1.     That the Court enter judgment declaring Brightcove does not infringe the '486, '753, and '555 patents;

2.     That the Court enter judgment declaring that the claims of the '486, '753, and

'555 patents are invalid;

3.     That the Court permanently enjoin and restrain Cinsay, its officers, employees,

agents, and all persons in active concert or participation with Cinsay from asserting that

Brightcove or its customers' products and/or business activities constitute infringement of the

'486, '753, and '555 patents and from any and all acts giving rise to Brightcove's counterclaims;

4.     That the Court declare this to be an exceptional case under 35 U.S.C. § 285;

5.     That the Court award Brightcove its fees and costs, including attorneys' fees;

6.     That the Court award Brightcove such other relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Brightcove demands a trial by jury on all issues so triable.

By

_____/s/ E. Leon Carter_____

| | |
|---|---|
| OF COUNSEL | E. Leon Carter |
| Sarah Chapin Columbia | Texas State Bar No. 03914300 |
| Leigh J. Martinson | lcarter@carterstafford.com |
| Hasan M. Rashid | Sheria D. Smith |
| MCDERMOTT WILL & EMERY LLP | Texas State Bar No. 24075097 |
| 28 State Street | ssmith@carterstafford.com |
| Boston, MA  02109-1775 | **CARTER STAFFORD ARNETT** |
| Telephone:  617 535 4000 | **HAMADA & MOCKLER PLLC** |
| Facsimile:  617 535 3800 | 8150 N. Central Expressway, Suite 1950 |
| scolumbia@mwe.com | Dallas, TX 75206 |
| lmartinson@mwe.com | Telephone: (214) 550-8188 |
| hrashid@mwe.com | Facsimile: (214) 550-8185 |

**ATTORNEYS FOR BRIGHTCOVE, INC.**

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2013, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF which will send electronic notification of such

filing to all registered participants.


*/s/ Sheria D. Smith*
Sheria D. Smith